UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT YANNARELLA and SUSAN YANNARELLA, His Wife,<br><br>Plaintiffs,<br><br>v.<br><br>BJ'S WHOLESALE CLUB, INC., JOHN DOE(S) 1–5 (as owners and/or maintainers of the property), and ABC CORPORATIONS 1–5 (as owners, maintainers of the property) individually, separately, and in the alternative,<br><br>Defendants. | : : : : : : : : : : : : : : : : : : | Civil. No. 14-7815 (RBK/JS)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This personal injury suit arises from an incident where Plaintiff Robert Yannarella

("Yannerella") fell in the parking lot in front of a retail location owned by Defendant BJ's

Wholesale Club ("the Club").  Presently before the Court is the Club's Motion for Summary

Judgment ("Defendant's Motion" or "Def.'s Mot") [Dkt. No. 10].  For the reasons set forth

below, Defendant's Motion will be **DENIED**.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court recites those facts relevant to deciding the pending motion for summary

judgment, and resolves any disputed facts or inferences in favor of Yannarella, the nonmoving

party.  *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 134–35 (3d Cir. 2013).

On April 26, 2013, Yannarella and his friend, Bobby Veight ("Veight"), went to the retail

location of the Club in Maple Shade, New Jersey, sometime between 11:30am and 12:00pm to

shop.  (Def.'s Statement of Material Facts ("DSMF") [Dkt. No. 10] ¶ 13; Yannarella Dep. Tr.

1

(Def.'s Ex. C) [Dkt. No. 10-6] at 28:5–29:7, 30:25–31:4.)   Yannarella was using a shopping cart

for support to help him walk into the store, and had placed his cane in the cart.  (DSMF ¶ 14;

Pls.' Statement of Material Facts ("PSMF") [Dkt. No. 11] ¶ 14; Yannarella Dep. Tr. at 32:22–

33:15.)  While walking up to the store, Yannarella and Veight were having a conversation, and

Yannarella was either looking straight ahead or talking to Veight.  (DSMF ¶ 14; PSMF ¶ 14;

Yannarella Dep. Tr. at 35:7–12).

As Yannarella was walking, the shopping cart went over a drainage grate, which

Yannarella did not notice.  (PSMF ¶ 14; Yannarella Dep. Tr. at 29:10–14, 36:6–8.)  As

Yannarella was walking, he felt his right foot hit something, the shopping cart he was holding

onto rolled away from him, and he fell to the ground.  (DSMF ¶ 18; PSMF ¶ 18; Yannarella Dep.

Tr. at 36:3–14.)  When Yannerella was on the ground, the only thing he saw in the area was the

drainage grate.  (DSMF ¶¶ 19–20; PSMF ¶¶ 19–20; Yannarella Dep. Tr. 39:1–9, 41:21–42:6).

At all relevant times to the incident, the Club operated and maintained the premises where the

incident occurred.  (PSMF ¶¶ 30, 34; Def.'s Resps. to PSMF ("DRSMF") [Dkt. No. 12] ¶ 34;

Def.'s Resps. to Interrogs. (Pl.'s Ex. A) [Dkt. No. 11-1] at Form C2 Interrog. No. 1).  As to the

condition of the grate, the parties have multiple disagreements.[1]

Yannarella and his wife, Susan, (collectively, "Plaintiffs") filed suit in the Superior Court

of New Jersey, Law Division, Burlington County, on March 4, 2014.  (*See* Notice of Removal

[Dkt. No. 1] ¶ 4.)  In June of 2014 the parties entered into a stipulation in the state court that

damages would be capped at $75,000.  (*Id.* ¶¶ 7–8, 10.)  Subsequently on October 20, 2014,

Plaintiffs moved to vacate the stipulation, and the state court judge entered an order that vacated

the stipulation on November 21, 2014.  (*Id.* ¶¶ 11–14.)  Plaintiffs confirmed on the same date

---

[1] These will be discussed in Section IV, *infra*.

that they valued their damages at over $75,000.  (*Id.* ¶ 16.)  The Club then removed the case to this Court on December 15, 2014.  (*See generally id.*)

## II.    JURISDICTION

Jurisdiction in this Court is premised on this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiffs are both citizens of New Jersey, and the Club is a Delaware Corporation with its principal place of business in Massachusetts.  (Notice of Removal ¶ 17.) Potential damages in this case are valued above the jurisdictional threshold of $75,000.  (*See id.* ¶ 16.)  Therefore, this Court properly has jurisdiction over this case.

## III.    LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).   A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

The moving party bears the burden of establishing that no genuine issue of material fact remains.  *See Celotex*, 477 U.S. at 322–23.  A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of a material fact is genuine if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party.  *See Anderson*, 477 U.S. at 252.  Even if the facts are undisputed, a disagreement over what inferences may be drawn from the facts precludes a grant of summary judgment.  *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).

The nonmoving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The court's role in deciding the merits of a summary judgment motion is to determine whether there is a genuine issue for trial, not to determine the credibility of the evidence or the truth of the matter. *Anderson*, 477 U.S. at 249.

## IV.    NEGLIGENT MAINTENANCE OF PROPERTY AND DISPUTED FACTS

Plaintiffs have alleged that the Club was negligent in maintaining the parking lot such that Yannarella tripped on the grate. (*See* Compl. [Dkt. No. 1-1] at "Count One".)[2]  In New Jersey, "[t]o prevail on a claim of negligence, a plaintiff must establish four elements:  (1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages." *Fernandes v. DAR Dev. Corp.*, 222 N.J. 390, 403–404 (2015) (citing *Townsend v. Pierre*, 221 N.J. 36, 51 (2015)).

The parties do not appear to dispute that Yannarella was a business invitee of the Club, and thus owed a heightened duty of care. (*See* Def.'s Mot. Br. [Dkt. No. 10-2] at 2–3; Pl.'s Opp. Br. [Dkt. No. 11-2] at 2–3.)[3]  "Business owners owe invitees a duty of reasonable or due care to

---

[2] In addition, Plaintiffs also allege a count on behalf of Yannarella's wife, Susan, for past and future "depriv[ation] of the aid, comfort, companionship, services and consortium of her husband." (Compl. at "Count Four".)  The Club has not moved for summary judgment on Susan Yannarella's hedonic damages.

[3] One citation in the Club's moving brief gives the Court pause as to whether it disputes the existence of a duty.  The Club cites to *May v. Atl. City Hilton*, 128 F. Supp. 2d 195, 200–01 (D.N.J. 2000) for the proposition that "in determining the existence of a duty, a court must analyze and weigh factors such as the foreseeability and severity of the underlying risk of harm, the comparative interests and relationships of the parties, and the societal interest in the proposed solution." (Def.'s Mot. Br. at 3.)  However, *May* is inapposite.  *May* was a case dealing with liability for the defective design of a handicap ramp in a sidewalk abutting—but not on—the defendant's property.  *See* 128 F. Supp 2d at 197.  The court in *May* determined that so-called "sidewalk liability" did not extend to design defect, but only covered negligent maintenance.  *Id.* at 200–01 (citations omitted).  In the instant matter, the alleged design defect is actually *on* the

provide a safe environment for doing that which is within the scope of the invitation."

*Nisivoccia v. Glass Gardens, Inc.*, 175 N.J. 559, 563 (2003) (citing *Hopkins v. Fox & Lazo*

*Realtors*, 132 N.J. 426, 433 (1993) and *Restatement (Second) of Torts* § 343 (1965)).  "The duty

of due care requires a business owner to discover and eliminate dangerous conditions that would

render the premises unsafe."  *Id.* (citing *O'Shea v. K Mart Corp.*, 304 N.J. Super. 489, 492–93

(App. Div. 1997)).

The Club moves for summary judgment arguing that (1) Plaintiffs' failure to retain an

expert and provide expert testimony is fatal to any claim of negligence (Def.'s Mot. Br. at 3–5);

(2) Plaintiffs failed to adduce evidence of any lip (*id.* at 5–6); and (3) the condition of the grate

was open and obvious, which obviated the Club's duty to Yannarella, and thus the Club had no

obligation to warn Yannarella about the grate (*id.* at 6–8).  However, underlying each of these

arguments is an assumption by the Club that no reasonable jury could find that a lip or divot

existed around the grate.

The briefing and statements of material facts demonstrate that the parties have a genuine

issue of material fact with respect to the condition of the grate.  Plaintiffs aver that there was a

"lip" or "divot" on the grate, and the Club denies any problem with the grate.  The initial burden

is on the Club as the moving party to satisfy this Court that no genuine issue of material fact

remains by identifying what portion of the record the Club believes demonstrate a lack of issue

of material fact.  *See Celotex*, 477 U.S. at 322–23.  However, the evidence cited to by the Club

does the opposite.

---

Club's property, and the Club has admitted as much.  (PSMF ¶¶ 30, 34; DRSMF ¶ 34; Def.'s
Resps. to Interrogs. at Form C2 Interrog. No. 1.)  Further, Plaintiffs are not only alleging design
defect, but also a negligent maintenance for failure to fix the lip or divot.  This makes the grate at
issue distinguishable from the ramp at issue in *May*.

The Club cites to portions of Yannarella's deposition transcript and photographic evidence produced by Plaintiffs in discovery in support of its allegations that Plaintiffs cannot carry their burden. (*See generally* DSMF.) However, a reasonable jury, considering the photographic evidence and deposition evidence cited by the Club could in fact conclude that at the time of Yannarella's fall, there was indeed a lip or divot. Yannarella himself asserts repeatedly at his deposition that the lip or divot existed based on his observation of the grate immediately after his fall. (*See, e.g.*, Yannarella Dep. Tr. at 36:3–9, 39:3–40:9, 41:2–6, 43:17–20.) The photographs produced by Plaintiffs and submitted by the Club are not very clear or high quality. (*See* Def.'s Ex. E [Dkt. No. 10-8].) But a reasonable jury could conclude from these photos, taken with testimony, that a lip or divot existed.

Even assuming the Club had met its burden of demonstrating that the record failed to show genuine issue of material fact, Plaintiffs have provided more than a scintilla of evidence to demonstrate the existence of a dispute. Plaintiffs submit into the record portions of the deposition of Ms. Catherine Grasso, a Club employee, and portions of the deposition of Yannarella's friend, Veight. Ms. Grasso's testimony, being read in the light most favorable to Plaintiffs as the non-moving party, demonstrates that the Club failed to take notice of any potential dip around the grate (Grasso Dep. Tr. (Pl.'s Ex. B) [Dkt. No. 11-1] at 42:4–24) and that the grate was not painted or otherwise marked to distinguish it in any way (*id.* at 40:15–41:12.) Veight's testimony further corroborates Yannarella's testimony that there was a dip or break in the pavement around the grate, although Veight did not recall the height of the dip. (*See, e.g.*, Veight Dep. Tr. (Pl.'s Ex. C) [Dkt. No. 11-1] at 35:9–14, 44:4–12.)

The Court remains mindful of the fact that in deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter

but to determine whether there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 249) (internal quotation marks omitted). The evidence presented by the parties demonstrates that there is a genuine issue for trial. Accordingly, summary judgment will be denied.

## V.    FICTITIOUS DEFENDANTS

The Court will take this opportunity to dismiss on its own initiative the unnamed John Doe and ABC Corporation defendants pursuant to Federal Rule of Civil Procedure 21. Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Plaintiffs may pursue an action against fictitious parties until plaintiff has had an opportunity to conduct discovery. *Hindes v. FDIC*, 137 F.3d 148, 155 (3d Cir. 1998). "[F]ictitious parties must eventually be dismissed if discovery yields no identities . . . ." *Id.* (quoting *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 36 (E.D. Pa. 1990)) (internal quotation marks omitted).

Discovery in this case closed on June 30, 2015. (Sched. Ord. (Mar. 18, 2015) [Dkt. No. 7].) At no point since have Plaintiffs attempted to identify the John Doe defendants or the ABC Corporations to this Court. Therefore, as other courts of this district have held, "[i]t is appropriate, before proceeding to trial, to eliminate these fictitious defendants from this action under [Rule] 21." *Adams v. City of Camden*, 461 F. Supp. 2d, 263 (D.N.J. 2006). Accordingly, the Court will dismiss John Doe(s) 1–5 and ABC Corporations 1–5, and as such will dismiss Counts Two and Three of the Complaint. The Court will also dismiss Count Five for failure to contain any legal allegations independent of the other counts of the Complaint.[4]

---

[4] Count Five merely incorporates all other allegations in the pleadings and then, without asserting a legal theory, demands judgment.

## VI.    CONCLUSION

For the foregoing reasons, the Club's Motion for Summary Judgment will be denied.  An appropriate order accompanies this opinion.


Date:  December  15th , 2015


                                     s/ Robert B. Kugler
                                    ROBERT B. KUGLER, U.S.D.J.